966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
The REAL PROPERTY AND PREMISES KNOWN AS 4408 HILLSIDE COURT,
Alexandria, Virginia 22306, Defendant-Appellant,
Sharon JARRELL, Claimant-Appellant.
 
 No. 91-2218.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 7, 1992
Decided: June 2, 1992
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-567-A)
 Argued: Robert Cooper Whitestone, Whitestone, Brent, Young & Merril, Fairfax, Virginia, for Appellants.
 Gordon Dean Kromberg, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and WARD, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 The present appeal contests an August 30, 1991, grant of summary judgment against the appellant, Sharon Jarrell, and an order forfeiting her property to the United States government.
 
 
 2
 On April 24, 1991, the government filed a complaint for forfeiture of appellant's real property pursuant to 21 U.S.C.s 881(a)(7) (1989),[1] alleging that the property had been used to facilitate the commission of felony narcotics violations. Jarrell was the sole non-government claimant to assert an interest in the property. On April 25, 1991, the Commonwealth of Virginia filed a criminal charge against Jarrell. That charge was subsequently dropped.[2] The government noticed a deposition for Jarrell on July 23, 1991, but she, though her counsel acknowledged receipt of the notice, declined to appear, asserting "her Fifth Amendment right not to incriminate herself with respect to any questions involving the possession or distribution of cocaine" or knowledge of any such activity on her property.
 
 
 3
 The government filed a motion for summary judgment on August 9, 1991, claiming that it was entitled to a judgment of forfeiture as a matter of law. In support of the motion, the government offered the affidavit of a Fairfax County Police officer who alleged that Jarrell had made a variety of admissions regarding her knowledge of drug sales and the use of her premises. Jarrell thereupon filed an affidavit denying the charges and denying that she had made self-incriminating statements, and filed an additional similar affidavit. On August 29, 1991, the government moved to strike Jarrell's affidavits on the grounds that she had previously asserted her Fifth Amendment right as a justification for her refusal to be deposed. In a hearing the following day, the district court granted the motion to strike the Jarrell affidavits and also granted the government's motion for summary judgment.[3] The order of forfeiture has been stayed pending the outcome of the present appeal.
 
 
 4
 The district court had ample authority to strike Jarrell's affidavits. In the absence of the affidavits, the government was clearly entitled to a grant of summary judgment.
 
 II.
 
 5
 The residence in question is 4408 Hillside Court in Fairfax County, Virginia. In 1986 and 1987 various felonious narcotic activities originated from, or were directly connected to, 4408 Hillside Court. Cocaine was purchased at the residence, and away from the residence from people who lived there. Though Jarrell never admitted that she sold narcotics, individuals who did admit to selling it stated that Jarrell and her boyfriend had sold drugs in the past.
 
 
 6
 In 1991, Police Detective David A. Crank of the Fairfax County Police, armed with information gained from an informant, obtained a search warrant for 4408 Hillside Court. During the search of the residence investigators found a cocaine grinder containing Jarrell's fingerprints, a purse containing one ounce of cocaine, documents resembling drug "owe sheets," and a scale. At that time, Miguel Langebeck, a resident of the Hillside Court home, and a former husband of Jarrell, was arrested on drug possession and distribution charges.
 
 
 7
 Jarrell was interviewed by Crank several times between February and May of 1991. The content of the interviews was contradictory, but Jarrell made significant incriminating statements, according to Crank. Additionally, the Fairfax County Police received numerous statements from other individuals involved in the drug trade suggesting that both the 4408 Hillside Court residence and Jarrell were intimately involved in narcotics activity.
 
 III.
 
 8
 To justify forfeiture under 21 U.S.C. § 881(a)(7), the government must establish probable cause for belief that the property to be forfeited was used to facilitate the criminal activity defined by the statute. Boas v. Smith, 786 F.2d 605, 609 (4th Cir. 1986). Once probable cause is shown, the burden shifts to the property owner to show, by a preponderance of the evidence, that the property was not used in the alleged manner. Id.
 
 
 9
 In the case at hand, Jarrell did not dispute that there was a showing of probable cause, but attempted to meet the burden of disproving the government's case with an affidavit denying participation in, or knowledge of, illegal activity on the premises. The district court, however, struck the affidavit from the record, granting summary judgment for the government, and concluding that Jarrell could not avail herself of her Fifth Amendment rights, thereby failing to respond to a government noticed deposition, and then provide testimony by her own affidavit concerning the facts at issue in the proposed deposition.
 
 
 10
 Jarrell has argued that the district court's ruling constituted an impermissible punishment for the exercise of constitutional rights. Specifically, she has contended that parallel criminal drug investigations and civil forfeiture proceedings present a claimant with conflicting interests concerning exercise of Fifth Amendment protections. Jarrell has suggested that, in response to the criminal investigation, it would almost certainly be most prudent for a claimant to say nothing, and that the consequent silence could not be held against her in a criminal trial. In the civil forfeiture proceedings, however, such silence might be used to provide an inference in the government's favor.[4] She has argued that it is the responsibility of the district court in a proceeding of the present kind to accommodate the government's interest in stemming the harmful flow of illegal drugs with an individual's Fifth Amendment rights, whenever possible.
 
 
 11
 Jarrell has suggested that the district court could have accommodated the competing interests involved here with one of two relatively simple procedural steps. First, according to Jarrell, the court could have stayed the forfeiture proceedings, and thereby delayed the need for the notice of deposition, until the criminal proceedings against her had concluded. Second, Jarrell has contended that the court could have immunized her from criminal liability arising from anything stated in the forfeiture proceeding. Unfortunately for Jarrell, however, the issue on appeal is not what the district court could, or might, have done, but whether what it actually did was proper. Accordingly, we must determine whether Jarrell's original exercise of the Fifth Amendment protection justified the striking of the subsequent affidavit.
 
 
 12
 The government has successfully countered the assertion that an impermissible burden on Jarrell's Fifth Amendment rights was occasioned by the parallel proceedings involved here. In any situation in which the Fifth Amendment is invoked, a risk exists that the silence of the party pleading the Fifth Amendment may prove damning if the opposing party is able to introduce substantial evidence. In the present case, Jarrell, it may be assumed, had valid reasons for not wanting to testify prior to the dismissal of the criminal proceedings, but she had countervailing and similarly valid reasons for wanting to make a statement to the government concerning the house, and her knowledge (or the lack thereof) of its use for illegal activity.[5] But the fact that valid concerns weighed on both sides of her dilemma does not indicate that Jarrell was improperly punished for making the choice she made.
 
 
 13
 As we stated in In Re Grand Jury Subpoena, 836 F.2d 1468, 1472 n. 4 (4th Cir. 1988):
 
 
 14
 In many civil cases the burden placed on a person's silence may be unavoidable. Where a plaintiff has gathered sufficient evidence to establish a claim prior to discovery, a defendant who risks incrimination by speaking will inevitably face the choice of forsaking silence or losing a civil judgment, even if the defendant's silence is not used against him.
 
 
 15
 The "plaintiff" in the present case, the government, has presented significant facts to support its claim. The defendant, Jarrell, has been provided with a choice of taking her chances on a verdict or judgment absent testimony, or asserting a defense by providing an affidavit. Jarrell could have chosen either path, but could not, as she here attempts, have chosen both paths at the same time.
 
 
 16
 In In Re Edmond, 934 F.2d 1304 (4th Cir. 1991), we held that a district court is justified in striking an affidavit when a party has selectively asserted "his Fifth Amendment privilege ... as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion." Id. at 1308. Although the statements presented in the present case were intended to withstand a summary judgment motion, the same standard, regarding the responsibilities and future options of a party who avoids a deposition, applies to the present case.
 
 
 17
 The First Circuit, in a case involving an almost identical forfeiture procedure, parallel criminal action, and failure to answer a government deposition, held that "the district court had ample authority to strike [claimant's] affidavit after he invoked the fifth amendment and refused to answer the government's deposition questions." United States v. Parcels of Land, 903 F.2d 36, 43 (1st Cir. 1990). The court went on to indicate that a district court, in a forfeiture proceeding, "if the forfeiture would genuinely prejudice the claimant's fifth amendment rights ... should seek alternative means of accommodating both the claimant's rights and the government's interest in the forfeiture." Id. at 44.
 
 
 18
 Jarrell has sought refuge in the language indicating a preference for accommodation by construing it to indicate that the district court's failure to provide some kind of accommodation in the present case constituted reversible error. If Jarrell had actively sought such an accommodation at the proper time, her claim would have had a greater chance of success. However, during the four month discovery period provided, Jarrell sought no delay, protective order, or other accommodation from the government or the district court. She, following the extensive discovery period, attempted to assert, after receiving the government's motion to strike her affidavit, that she had significant interests in discovery that had not been addressed by the district court. Her failure to state the proposed need for accommodation of her Fifth Amendment rights earlier failed to provide the district court with an opportunity to balance those rights with the rights of the government as her opponent. The failure suggests that the motive for her timing of the affidavit may have been the attaining of an unfair discovery advantage, and not, as she asserts, the promotion of her constitutional rights. While the responsibility of a district court to seek an accommodation for an individual's rights in a forfeiture proceeding may be significant, the district court's failure here sua sponte to impose such an accommodation cannot be seen as reversible error when no accommodation was proposed at the relevant time by the complaining party.[6]
 
 
 19
 Accordingly, the district court did not err in striking Jarrell's affidavit. Additionally, since she offered no other evidence to create a doubt regarding any issue presented by the government, the grant of summary judgment was proper.
 
 AFFIRMED
 
 
 [1]
 21 U.S.C. § 881(a)(7) reads as follows:
 The following shall be subject to forfeiture to the United States ...
 All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land ... which is used, or intended to be used ... to commit, or facilitate the commission of a violation of [Title 21] to be punishable by more that one year's imprisonment ...
 
 
 [2]
 The criminal charge concerned a single narcotic possession count
 
 
 [3]
 In ruling on Jarrell's affidavit, the district judge said: "I don't think she can take the Fifth Amendment when she is sought to be deposed, and then come in and, after depriving the Government of its discovery effort, file an affidavit which creates an issue of fact. I think the affidavit must be stricken ... and absent the affidavit, the Government is entitled to summary judgment."
 
 
 [4]
 The government in the present case has sought such an inference of knowledge of drug activity arising out of her failure to attend the noticed deposition
 
 
 [5]
 In fact, the limited nature of her alleged criminal offense, and the lack of a direct connection between that offense and an assertion that the premises were being used in ongoing drug activity, would have allowed Jarrell to testify on deposition as to perhaps the entire factual basis for the government's forfeiture action without making any incriminating statement about her own alleged criminal activity
 
 
 [6]
 Additionally, by the time that Jarrell raised an objection to the treatment of the affidavit, no "accommodation" of the competing interests was available to the court. The only options remaining for the court were to allow the affidavit to be admitted or to strike it. There was no opportunity to allow the government the fruit of the early discovery while shielding appellant from the criminal consequences of her statements. Jarrell had already been shielded by her silence and the dismissal of the criminal complaint. The allowance of the affidavit would, therefore, not amount to an accommodation or balancing, but, to a clear benefit to Jarrell, allowing avoidance of the harm caused by early testimony, while preventing the government from carrying out normal discovery procedures